**Jerome J. HARRINGTON, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Respondent– Appellee.**

**No. 02–2263.**

United States Court of Appeals, Sixth Circuit.

April 11, 2003.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

### ORDER

Pro se Michigan prisoner Jerome J. Harrington appeals a district court judgment (att.2) that denied his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Harrington is now serving a sentence of 64–to–96 months of imprisonment, following the revocation of his probation by a Michigan trial court. Harrington challenged the revocation of his probation in the Michigan courts without success.

In January 2002, Harrington filed the instant § 2254 petition, claiming that there was insufficient evidence to support the revocation of his probation. The district court denied § 2254 relief but granted Harrington a certificate of appealability ("COA"). The court found that Harrington's case was worthy of a COA because the court was "uncertain whether the evidence in this case would have been constitutionally sufficient to prove Petitioner's guilt beyond a reasonable doubt, had this been a criminal conviction, and not a probation violation."

In his timely appeal, Harrington repeats his claim that the evidence was insufficient. Both parties have filed briefs.

Upon review, we conclude that Michigan's revocation of Harrington's probation did not constitute "an unreasonable application of[ ] clearly established Federal law"; and it was not "based on an unreasonable determination of the facts in light of the evidence presented" at the revocation proceedings. 28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor*, 529 U.S. 362, 375–76, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The district court's judgment is AFFIRMED for the reasons stated by the district court in the opinion and order entered on October 1, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.